# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**HENRY WILLIAMS, ADC #094006**                                                 **PLAINTIFF**

**v.**                          **Case No. 4:18-cv-00180-KGB**

**BARRY ALLEN SIMS,** *et al.*                                              **DEFENDANTS**

## ORDER

Before the Court is the motion to dismiss filed by Director of the Arkansas Department of Correction ("ADC") Wendy Kelley and Warden Toni Bradley (Dkt. No. 31). For the reasons set forth herein, the Court grants the motion to dismiss and dismisses plaintiff Henry Williams' second amended complaint. The Court also denies as moot Director Kelley and Warden Bradley's motion to depose Mr. Williams (Dkt. No. 23).

### I. Factual And Procedural History

Mr. Williams is presently confined at the Wrightsville Unit of the ADC in Wrightsville, Arkansas. On March 9, 2018, Mr. Williams filed a motion for leave to proceed *in forma pauperis* and a *pro se* civil rights complaint against Pulaski County Circuit Judge Barry Allen Sims, Arkansas Attorney General Leslie Rutledge, Director of the ADC Wendy Kelley, and Warden Toni Bradley (collectively, "defendants") (Dkt. Nos. 1, 2). On December 27, 2018, the Court screened Mr. Williams' complaint and found that, liberally construed, it appeared to state cognizable claims for relief against Director Kelley and Warden Bradley in their individual capacities (Dkt. No. 15, at 3–4). At the same time, the Court dismissed with prejudice Mr. Williams' official-capacity damages claims against all defendants and Mr. Williams' individual-capacity damages claims against Judge Sims and Attorney General Rutledge (*Id.*, at 4).

On January 22, 2019, Mr. Williams filed a motion to amend his complaint (Dkt. No. 16). Director Kelley and Toni Bradley filed an answer on January 24, 2019 (Dkt. No. 19). Thereafter, Director Kelley and Toni Bradley filed a motion to depose Mr. Williams (Dkt. No. 23). Mr. Williams filed a response to the motion (Dkt. No. 25), and Director Kelley and Warden Bradley replied (Dkt. No. 26).

On September 27, 2019, the Court granted Mr. Williams' motion to amend his complaint and screened his amended complaint (Dkt. No. 29). The Court found that Mr. Williams' official-capacity damages claims against all defendants and Mr. Williams' individual-capacity damages claims against Judge Sims and Attorney General Rutledge failed to state a claim on which relief may be granted (*Id.*, at 4–11). Further, the Court directed Mr. Williams to file an amended complaint setting forth "what violation of a right secured by the Constitution or laws of the United States he claims as the basis of his § 1983 claims against Director Kelley and Warden Bradley in their personal capacities for monetary damages." (*Id.*, at 12).

Mr. Williams filed a second amended complaint on October 16, 2019, which is the operative pleading in this case (Dkt. No. 30). In 2015, Mr. Williams was found guilty of first-degree battery and sentenced to 65 years in prison. *See State v. Williams*, 60CR-14-961. Mr. Williams appealed. On October 26, 2016, the Arkansas Court of Appeals reversed and remanded Mr. Williams' first-degree battery conviction for a new trial. *See State v. Williams*, 505 S.W.3d 234 (Ark. Ct. App. 2016). The mandate was entered on November 17, 2016. In his second amended complaint, Mr. Williams alleges that, despite the Arkansas Court of Appeals' decision reversing and remanding his first-degree battery conviction for a new trial, and despite his "countless" motions, letters, complaints, and grievances, he was not released from ADC custody until April 19, 2017 (Dkt. No. 30, at 6). Mr. Williams alleges that his continued imprisonment

violated his Eighth and Fourteenth Amendment rights (*Id.*, at 6–7). Mr. Williams sues defendants in both their official and individual capacities (*Id.*, at 3). For relief, he seeks money damages (*Id.*, at 7).

On October 30, 2019, Director Kelley and Warden Bradley filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 31). Mr. Williams filed a response in opposition to Director Kelley and Warden Bradley's motion to dismiss on November 13, 2019 (Dkt. No. 33).

## II.    Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Also, under the Prison Litigation Reform Act, the Court is obligated to screen Mr. Williams' complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded

3

must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party, here, Mr. Williams. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). A court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Analysis

Having carefully reviewed the pleadings and considered the submissions of the parties, the Court finds that Mr. Williams' allegations fail to state a claim on which relief may be granted.

### A. Eleventh Amendment Immunity

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the allegedly wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (alteration in original) (quoting *Iqbal*, 556 U.S. at 676).

The Court has already dismissed with prejudice Mr. Williams' official-capacity damages claims (Dkt. No. 15, at 4). These claims fail because they are the equivalent of claims against the State of Arkansas. The Supreme Court has observed that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Thus, in an official-capacity suit, "[t]he real party in interest is the government entity, not the named official." *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (citing *Edelman v. Jordan*, 415 U.S. 651, 663–65 (1974)).

In a suit for money damages, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d

5

866, 872 (8th Cir. 2017) ("A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983."). Accordingly, defendants are entitled to absolute immunity from suit for money damages in their official capacities pursuant to the Eleventh Amendment.

> B. Absolute Judicial Immunity

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)).

This Court has already dismissed with prejudice Mr. Williams' individual-capacity damages claims against Judge Sims (Dkt. No. 15, at 4). Because Mr. Williams has not alleged that Judge Sims acted in the clear absence of all jurisdiction, the doctrine of absolute judicial immunity applies here.

> C. Absolute Prosecutorial Immunity

Similar to judges, "[p]rosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *see also*

6

*Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity."). However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The Eighth Circuit has specifically held that "a state assistant attorney general's function as a government advocate entitles him or her to absolute immunity from suit for damages." *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988).

This Court has already dismissed with prejudice Mr. Williams' individual-capacity damages claims against Attorney General Rutledge (Dkt. No. 15, at 4). Attorney General Rutledge is entitled to absolute prosecutorial immunity for claims arising out of her conduct during Mr. Williams' criminal prosecution.

### D. Individual-Capacity Claims Against Director Kelley And Warden Bradley

The crux of Mr. Williams' claims against Director Kelley and Warden Bradley is that, despite his repeated complaints and grievances, he was not released from ADC custody until April 19, 2017, five months after the Arkansas Court of Appeals reversed and remanded his first-degree battery conviction for a new trial. Essentially, then, Mr. Williams contends that, once he notified Director Kelley and Warden Bradley of the Arkansas Court of Appeals' decision, they should have immediately released him from ADC custody. The Court is unpersuaded.

Mr. Williams has not cited any authority, and the Court has found none, to support the proposition that Director Kelley or Warden Bradley were legally obligated to release immediately Mr. Williams from ADC custody upon being shown a copy of the Arkansas Court of Appeals'

decision reversing and remanding his criminal conviction for a new trial. Rather, under Arkansas Rule of Appellate Procedure—Criminal 6(c)(2):

> Following the affirmance or reversal of a conviction, or the dismissal of an appeal, the Clerk of the Supreme Court shall immediately make and forward to the clerk of the circuit court of the county in which the defendant was convicted a certified copy of the mandate of the Supreme Court.

Further, Arkansas Rule of Appellate Procedure—Criminal 7 provides that, "[u]pon a reversal, if a new trial is ordered, the defendant shall be removed from the detentional facility and returned to the custody of the sheriff of the county in which the sentence was imposed."

Finally, Arkansas Rules of Appellate Procedure—Criminal 11 provides that:

> Upon a mandate of reversal ordering a new trial being filed in the clerk's office of the circuit court in which the judgment of confinement in the penitentiary was rendered and executed, the clerk shall deliver to the sheriff a copy of the mandate and precept, authorizing and commanding him to bring the defendant from the penitentiary to the county jail, which shall be obeyed by the sheriff and keeper of the penitentiary.

Because "Government officials are personally liable only for their own misconduct," *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015), "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Parrish*, 594 at 1001 (quoting *Iqbal*, 556 U.S. at 676). Rule 11 of the Arkansas Rules of Appellate Procedure—Criminal is directed at the county sheriff, not employees of the ADC. What's more, the docket sheet for Mr. Williams' state-court criminal case does not indicate that a mandate and precept, authorizing and commanding the Pulaski County Sheriff to bring Mr. Williams from the prison where he was confined to the county jail, was issued. In fact, Mr. Williams admits that, on January 26, 2017, he was released to the Pulaski County Sheriff for appearance in court (Dkt. Nos. 30, at 6; 31-1). In short, Mr. Williams' second amended complaint fails to state a claim on which relief may be granted against Director Kelley or Warden Bradley.

### E. Other Allegations Against Other Individuals

When filing his most recent amended complaint, Mr. Williams included a caption listing as defendants Judge Sims, Attorney General Rutledge, Director Kelley, and Warden Bradley, as well as Sgt. Ford, Sgt. Morris, Sgt. Terry Lawson, and Cpl. Daniel Barrett (Dkt. No. 30, at 1). On the form complaint that follows, Mr. Williams does not list Sgt. Ford, Sgt. Morris, Sgt. Terry Lawson, or Cpl. Daniel Barrett as a named defendant (Dkt. No. 30, at 2–7).

To the extent Mr. Williams intended to include these individuals as named defendants in this case, Mr. Williams makes no factual allegations against Cpl. Barrett. With respect to Sgt. Ford, Mr. Williams mentions him as having been involved in a grievance that Mr. Williams filed with respect to the new trial granted in his Arkansas state-court criminal case (*Id.*, at 7). Mr. Williams alleges that Sgt. Ford told him that this matter was not subject to a grievance (*Id.*). Mr. Williams then alleges that Sgt. Terry Lawson and another individual not identified as a potential defendant in this case purportedly attacked him (*Id.*). Mr. Williams contends that Sgt. Ford and Sgt. Morris were assigned to work the unit the day he claims to have been assaulted and purportedly refused to sign his grievance about the alleged assault (*Id.*).

The Court dismisses without prejudice any claims Mr. Williams intends to state against these individuals in this action. As to the allegations related to the new trial granted in his Arkansas state-court criminal case, Mr. Williams fails to state a claim upon which relief can be granted against Sgt. Ford, Sgt. Morris, Sgt. Terry Lawson, and Cpl. Daniel Barrett pursuant to Federal Rule of Civil Procedure 12(b)(6). With respect to the purported attack or assault Mr. Williams claims to have suffered while in ADC custody, Mr. Williams' allegations are not sufficiently like or related to the matters before the Court in this case to be asserted as claims in this case. These allegations do not involve the individuals he identifies as defendants on his form complaint and

appear related to an entirely separate incident. Therefore, the Court directs Mr. Williams, if he chooses to do so, to file a separate action with respect to the purported attack or assault naming as defendants the individuals he claims were involved.

**IV.     Conclusion**

The Court grants the motion to dismiss filed by Director Kelley and Warden Bradley (Dkt. No. 31). The Court denies as moot Director Kelley and Warden Bradley's motion to depose Mr. Williams (Dkt. No. 23). The Court dismisses with prejudice Mr. Williams' official-capacity damages claims against all defendants and individual-capacity damages claims against Judge Sims and Attorney General Rutledge. The Court dismisses without prejudice Mr. Williams' individual-capacity damages claims against Director Kelley and Warden Bradley. The Court dismisses without prejudice any other claims Mr. Williams brings against any other individuals in this case. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order and Judgment entered in this case would not be taken in good faith.

It is so ordered this 19th day of March, 2020.

_____
Kristine G. Baker
United States District Judge